United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LANE SHIELDS, | No  C-04-0284 VRW |
| Plaintiff, | ORDER |
| v | |
| UNITED STATES DEPARTMENT OF THE INTERIOR et al, | |
| Defendants. | |

Defendants move to dismiss the complaint for, among other reasons, failure to serve the complaint in the 120 days allotted by FRCP 4(m).  Doc #18.  Although defendants have answered, Doc #9, they included Rule 4 as an affirmative defense in their answer, id at 14:24-25, and have raised the defense by motion at their first opportunity (i e, in the pending motion).  Accordingly the ground is not waived.  See FRCP 12(h).  Plaintiff "concedes that he did not effect service of process upon the United States attorney within the period set forth by Rule 4(m)."  Pl Opp (Doc #19) at 5:10-11.

1    Rule 4(m) provides, however, that "if the plaintiff shows
2 good cause for the failure, the court shall extend the time for
3 service for an appropriate period."  Plaintiff argues that he can
4 establish good cause.  Pl Opp (Doc #19) at 4:10-18; id Ex 1
5 (Bareilles Decl).  Plaintiff's counsel explains that, before filing
6 this suit, he had been negotiating a resolution of this matter with
7 the Bureau of Land Management (BLM) (a defendant herein).  Id ¶3.
8 After those efforts failed, he filed this suit and asked his
9 contacts at BLM whom he should serve; they responded with the name
10 and address of an attorney with the Department of the Interior's
11 Office of the Regional Solicitor.  Id.  Counsel served this
12 attorney.  Id ¶4.  Several months later, when no response was
13 forthcoming, and "upon discussing this matter with [the courtroom
14 deputy for the judge to whom this case was originally assigned],
15 and <u>researching the matter further</u>," counsel determined that it was
16 necessary to serve the United States Attorney for the Northern
17 District of California and the Attorney General.  Id ¶9 (emphasis
18 added).  Service of these individuals was, however, made outside
19 FRCP 4(m)'s 120-day window.

20    The court sympathizes with plaintiff's counsel that
21 service can sometimes be a vexing and confusing task, and Rule 4(m)
22 is formalistic and inflexible.  But counsel's tale does not -- as a
23 matter of law <u>cannot</u> -- establish good cause, because counsel need
24 have looked no further than FRCP 4(i) ("Serving the United States,
25 Its Agencies, Corporations, Officers, or Employees") to know how to
26 effect service.  Like counsel in <u>Tuke v United States</u>, 76 F3d 155,
27 156 (7th Cir 1996), who "did not bother to read Fed R Civ P 4,
28 which governs service in federal litigation, and relied on his

adversary to tell him what he must do," plaintiff's counsel's failure to effect timely service is entirely the product of his ignorance of the Federal Rules of Civil Procedure. "Failure to read a rule is the antithesis of good cause. Ignorance may be an explanation but is not an excuse." Tuke, 76 F3d at 156. See also Townsel v County of Contra Costa, 820 F2d 319, 320-21 (9th Cir 1987). Rule 4(i) is absolutely clear on what is required to serve the United States (or an agency thereof):

> (i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.
>
> > (1) Service upon the United States shall be effected
> >
> > > (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
> > >
> > > (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia,
> > > * * *

Counsel's failure to heed these instructions cannot be excused.

Accordingly, the court must DISMISS this case without prejudice for failure to comply with FRCP 4(m). The court declines to reach the alternative grounds for dismissal identified in defendants' motion because the parties may, in fact, agree that this suit is properly heard in the Court of Federal Claims. See Pl

3

Opp (Doc #19) at 2:9-11 ("Plaintiff agrees that the Court of Federal Claims would have exclusive jurisdiction over express and implied contractual claims exceeding the value of $10,000.00 under the [Tucker] Act.").

* * *

In sum, defendants' motion to dismiss for failure to comply with FRCP 4(m) (Doc #18) is GRANTED.  The hearing scheduled for May 5, 2005, is VACATED.  See Civ L R 7-1(b).  The case is DISMISSED without prejudice.  The clerk is DIRECTED to close the file and TERMINATE all pending motions.

    IT IS SO ORDERED.


    /s/
    **VAUGHN R WALKER**
    **United States District Chief Judge**